**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alohondra Rey STATON, Defendant–**
**Appellant.**

**No. 01–4734.**

United States Court of Appeals,
Fourth Circuit.

Submitted June 26, 2002.

Decided July 19, 2002.

Robert J. McAfee, McCotter, McAfee & Ashton, P.L.L.C., New Bern, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Mary Jude Darrow, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

## OPINION

PER CURIAM.

Alohondra Rey Staton appeals his conviction and sentence imposed after a jury trial for possession with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999). Finding no reversible error, we affirm.

Staton first contends the district court erred in denying his suppression motion. Staton argues that the search warrant that led to his arrest was unsupported by probable cause. We find the affidavit of probable cause attached to the search warrant provided the magistrate with a substantial basis for determining probable cause existed. Thus, the district court did not err in finding the magistrate had probable cause for the issuance of the search warrant and in denying Staton's motion to suppress.

Staton also contends the evidence adduced at trial was insufficient to sustain his conviction. Viewing the evidence in the light most favorable to the Government, we find a reasonable trier of fact could have found Staton guilty beyond a reasonable doubt. *See Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

Staton next contends the district court erred in sentencing him as a career offender pursuant to *U.S. Sentencing Guidelines Manual* § 4B1.1 (2000). Because Staton's two prior felony drug offenses were separated by an intervening arrest, we find the district court did not err in counting them separately when determining Staton's criminal history. *See United States v. Huggins,* 191 F.3d 532, 539 (4th Cir.1999), *cert. denied,* 529 U.S. 1112, 120 S.Ct. 1968, 146 L.Ed.2d 799 (2000). Thus, the district court properly found Staton to be a career offender.

Finally, Staton contends his trial counsel was ineffective. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King,* 119 F.3d 290, 295 (4th Cir.1997). To allow for adequate development of the record, claims of ineffective assistance of counsel must ordinarily be pursued in a 28 U.S.C.A. § 2255 (West Supp.2000) motion. *United States v. Hoyle,* 33 F.3d 415, 418 (4th Cir.1994). An exception to this general rule obtains when the record conclusively establishes ineffective assistance of counsel. *King,* 119 F.3d at 295. A review of the record does not conclusively establish ineffective assistance of counsel, and Staton's ineffective assistance claims are therefore not cognizable in this direct appeal.

Accordingly, we affirm Staton's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*